UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.: 5:20CR171 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ELMER JONES, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 15, 2020, the Court removed Defendant Elmer Jones' counsel of choice, Matthew Pappas.   On June 16, 2020, the Court issued its written order explaining that removal.   Doc. 32. Since that time, both Jones' newly appointed counsel and counsel for the government have informed the Court of a continued outside influence that has impeded Attorney Damian Billak's representation of Jones.

Most recently, an individual by the name of John Pappas has provided information to Attorney Billak and the Assistant United States Attorney in this matter.   During the Court's October 29, 2020 status conference, the Court permitted John Pappas to appear to inquire regarding his involvement.   During the hearing, John Pappas[1] admitted that he was not licensed to practice law.   John Pappas also informed the Court that he had previously been licensed to practice law, but he had resigned his law license while facing discipline charges that could have led to him being disbarred.   The Court was able to confirm this information through publicly available information

---

1 The Court learned during the hearing that John Pappas is the father of Jones' previously-removed counsel, Matthew Pappas.

provided by the State of California at http://members.calbar.ca.gov/fal/Licensee/Detail/54274 (last visited October 29, 2020).

While John Pappas continues to deny that he has engaged in the unauthorized practice of law, the docketed correspondence demonstrates that he drafted a motion to dismiss on behalf of Jones and continues to encourage Jones to pursue dismissal on the basis that his speedy trial rights have been violated.   It is troubling to the Court that it appears that Jones has been relying upon the advice of John Pappas to his detriment.   It is especially troubling as the proposed filing demonstrates that John Pappas is wholly unfamiliar with all that has occurred both directly in this matter and within the Northern District of Ohio and likewise unfamiliar with the proper application of the Speedy Trial Act.   While the correspondence from John Pappas is not a properly filed motion for this Court to consider, the Court feels compelled to address its substance in the hopes of demonstrating to Jones the dangers presented when he chooses to rely on advice from a functionally-disbarred attorney.

The Speedy Trial Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay. 18 U.S.C. § 3161(c)(1), (h). If a defendant is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof to support such a motion to dismiss the indictment. *Id*.

As relevant here, a district court may exclude the period of any continuance from Speedy Trial Act calculations "on [its] own motion" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act contains a non-exclusive list of factors that a district

court may consider when conducting this ends-of-justice analysis. *Id*. at § 3161(h)(7)(B). Those factors include whether the failure to continue the proceeding would make the proceeding "impossible" or otherwise "result in a miscarriage of justice." *Id*. A continuance on this basis does not require the defendant's consent. *United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015).

Emergency conditions that result in widespread societal impact may warrant an ends-of-justice exclusion of time under the Speedy Trial Act. *See, e.g., United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming ends-of-justice exclusion of time following Hurricane Katrina); *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981) (affirming ends-of-justice exclusion of time following volcanic eruption of Mount St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time under Speedy Trial Act in the interest of justice following September 11, 2001 terrorist attack). The ongoing COVID-19 pandemic has resulted in multiple federal district courts excluding time under the Speedy Trial Act based on ends-of-justice findings. *See, e.g., United States v. Pond*, No. 18-50106-JLV, 2020 WL 3446677, at *2 (D.S.D. June 24, 2020) (concluding that trial continuances due to COVID-19 pandemic did not violate Speedy Trial Act); *United States v. Smith*, —— F. Supp. 3d ——, ——, 2020 WL 2541713, at *6 (E.D. Cal. May 19, 2020) (excluding time under Speedy Trial Act in part because district court was "unable to safely hold a jury trial ... for, at least, another four months" in light of COVID-19 pandemic).

Herein, this Court has found that numerous factors have led to the exclusion of large swaths of time that would otherwise impact speedy trial.   In its June 16, 2020 order, the Court noted:

> Since the grant of his pro hac vice status on March 2, 2020, Attorney [Matthew] Pappas has done no substantive work on behalf of Mr. Jones' defense. He has made no discovery requests and has not engaged with Government counsel in any manner at all. Based upon the totality of the facts herein, allowing Attorney Pappas to continue as counsel would present a grave threat to Mr. Jones' right to effective representation.

Doc. 32 at 3.   In a later order, the Court explained:

> The docket reflects that Jones' initial counsel, Matthew Pappas, did not effectively function as counsel on his behalf. The Court detailed Attorney Pappas' deficiencies in its orders dated May 28, 2020, June 10, 2020, and June 16, 2020. As a result of those deficiencies, both Jones and the Government were deprived of any ability to prosecute this matter. The Court thus finds the time frame of Attorney Pappas' representation, February 28, 2020 through June 16, 2020 to be excluded from any speedy trial calculation.

Doc. 38 at 1.   Within that same order, the Court found that the dates that fell between June 16, 2020 and August 13, 2020 were properly excluded because restrictions related to the pandemic precluded Attorney Billak from meeting with Jones to begin his defense of the matter.   During its August 13, 2020 status conference, the Court further found:

> I make a finding that the ends of justice are served by granting this continuance or continuing the status conference in light of the current pandemic, and also consistent with the general orders of the court; that is, a continuance is necessary and needed for effective preparation by Mr. Billak who came on the case late in light of the conduct that's already been described earlier by Mr. Pappas.

Doc. 39 at 9.   Attorney Billak did not object to the Court's finding that the 14-day continuance was necessary to allow him time to effectively prepare.   Thus, without even referencing the pandemic, Jones' speedy trial clock could begin, at its earliest, on August 27, 2020.

Jones' case, however, is not occurring in a vacuum.   It is proceeding during a pandemic, and this Court has issued numerous general orders that both bolster and/or duplicate the case-specific exclusions herein as well as expand upon them.

On March 16, 2020, the District issued its first general order related to the COVID pandemic.[2]   The order noted:

> Criminal trials will not proceed unless absolutely necessary. The Court is cognizant of the right of criminal defendants to a speedy and public trial under the Sixth Amendment, and the particular application of that right in cases involving defendants who are detained pending trial. Individual judges presiding over

---

2 For ease of reference, the Court has attached all of the referenced General Orders to this order.

criminal proceedings should take such actions consistent with this order as may be lawful and appropriate to ensure the fairness of the proceedings, preserve the rights of the parties, and ensure the health and well-being of all participants.

At that time, Jones' trial was scheduled for May 11, 2020 – within 70 days of his first appearance before the Court.   On March 23, 2020, the District issued an amended general order that read:

> Due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds
> that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. No jury trial will be commenced before May 1, 2020. Any trial dates currently scheduled during that period are vacated.

As Jones' trial date remained outside the reach of this General Order, his trial for May 11, 2002 remained on the Court's calendar at that time.

> On April 20, 2020, the District again amended its General Order:
>
> Due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,
>
> 1. No jury trial will be commenced until after June 12, 2020. Any trial dates currently scheduled through June 12, 2020 are vacated.

As a result of this General Order, Jones' trial date was removed from the calendar.   On May 22, 2020, yet another amended General Order was issued:

> Due to the Court's reduced ability to obtain and protect an adequate spectrum of jurors, and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering

the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,

1. Jury trials will commence on a date to be announced, but no earlier than the month of August.

On August 25, 2020, the District issued a general order that would permit trials to again be placed on the Court's calendar:

To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A). Accordingly,

1. Jury trials may commence on September 21, 2020 under the following conditions: 1) The Judge, Assistant U.S. Attorney, defendant, and defendant's counsel all must consent on the record to the commencement of the jury trial; 2) only one jury trial at a time, civil or criminal, will be conducted in each courthouse; and 3) the trial will not be any longer than one week. If a participant does not consent, it must be for a COVID related reason and included in the Court's "speedy trial" order pursuant to 18 U.S.C. Section 3161(h)(7)(A). If a participant has a non-COVID related reason, an appropriate motion for continuance must be filed with the Court.

Finally, more recent guidance from the District's Phased Reopening General Order (and its subsequent amendments) has restricted the number of simultaneous trials per courthouse: "only one jury trial at a time, civil or criminal, will be conducted in each courthouse, except for the Carl B. Stokes U.S. Court House, where no more than two jury trials may be conducted at a time."

Based upon this Court's specific orders and the District's general orders, Jones' speedy trial clock did not begin to run until September 21, 2020 when the Court had the opportunity to resume jury trials and Jones had counsel that was offering him effective representation. Subsequent to that time, Attorney Billak moved to withdraw.  The time period during which that motion was pending – September 28, 2020 and October 12, 2020 – is also properly excluded.  18 U.S.C. § 3161 (h)(1)(D).   As such, the Court's current trial date – November 9, 2020 – falls well

within the time period required to afford Jones a speedy trial under 18 U.S.C. § 3161.[3]

Accordingly, to the extent that Jones seeks to adopt as his own the proposed motion to dismiss provided by John Pappas, the motion is DENIED.   The Court is hopeful that its prompt analysis of this issue will highlight to Jones that his interests would best be served by relying upon counsel that are properly admitted to practice before this Court and who are actively attempting to assist him in his defense.   While the Court cannot and will not play any role in restricting Jones' contact with others, the Court's analysis herein should highlight the significant deficiencies in the advice that Jones' has been receiving from these third parties.

IT IS SO ORDERED.


Date:   October 28, 2020                                    /s/ John R. Adams
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE

---

3 The Court notes that Attorney Billak has recently filed an updated motion to withdraw as counsel, again tolling Jones' speedy trial clock.