UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 5:20CR171 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| ELMER CURTIS JONES, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Elmer Jones' motion to reduce his sentence under Amendment 821. Doc. 173. Upon review, the motion is DENIED.

The parties agree that Jones is eligible for a reduction because he previously received status points and would not receive those points under the retroactive amendment. As a result, Jones' criminal history category becomes a II. His original advisory guideline range of 188 to 235 months is thereby lowered to 168 to 210 months.[1]

Having found that Jones is eligible, the Court must also consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020). The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and

---

[1] Jones remains subject to an additional 60-month consecutive sentence for his possession of a firearm in furtherance of a drug trafficking crime conviction.

provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Initially, the Court notes that Jones has demonstrated that he is wisely using his time while incarcerated. He has completed numerous programs, maintained employment, and avoided disciplinary infractions. While the Court commends Jones for his actions while incarcerated, those post-conviction actions are insufficient to overcome Jones' underlying conduct and his history.

The instant conviction arose when officers were dispatched to the intersection of US-62 and Maple Avenue in Canton, Ohio to respond to reports of an individual unconscious behind the wheel of a vehicle. Jones was that passed out individual. He was unable to maintain his balance during field sobriety tests and was arrested. At the time he was taken into custody, a firearm was located in the vehicle. A subsequent inventory search of the vehicle revealed nine vacuumed-sealed bags of marijuana; a loaded Romarm/Cugir Arms, Model Micro Draco, 7.62x39mm pistol, serial number PMD-14664-19-RO, with one round in the chamber and 24 rounds in the loaded magazine; $208; an Ohio Driver's License in the name Erik Michel Holder; a Nevada Driver's License containing the same photo used in the defendant's Ohio Driver's License; and two Apple iPhones. In the trunk of the vehicle, the following items were seized: a navy rolling bag containing 16 plastic bags with suspected methamphetamine; a white plastic bag

containing 5 vacuum-sealed bags with marijuana in those bags; and a Vaultz lockable box. The Vaultz lockable box could not be opened without having to be forced open. A search warrant was later granted for the box to be opened, and inside the box the following items were located: a vacuum-style bag containing a clear sandwich bag with brown powder; a digital scale; a plastic bag containing a section of blotter paper (29 squares); a plastic container labeled "Fedi," containing a plastic bag with white powder; a plastic bag containing a tan powder; a vacuum-style bag containing a glass jar labeled "Lemon Head" with brown powder; a vacuum-sealed bag containing a plastic container with tan powder; white dust mask; latex gloves; and an empty vacuum-style bag.

Lab results confirmed 3,846.3 grams of marijuana were located on the passenger side of the defendant's vehicle; 2,241.8 grams of marijuana and 7,093.3 grams of methamphetamine were located in the trunk of the vehicle; and 122.71 grams of a mixture and substance containing heroin and fentanyl and 0.25 grams of LSD were located in the Vaultz lock box.

Notably, at the time of his sentencing before this Court, Jones had pending charges before Youngstown Municipal Court for possession of drugs. Those charges stemmed from Jones refusing to stop when officers initiated a traffic stop, Instead, Jones accelerated and ignored officer's order until later coming to a stop. When officers forced him from his vehicle, they noted that he strongly smelled of alcohol. A search of the vehicle revealed marijuana, an unknown white powder, and more than $30,000 in U.S. currency.

The quantity and variety of drugs involved in this offense indicate that Jones was a substantial drug dealer. He had no reluctance to transport multiple kilograms of different illegal substance in his vehicle while apparently under the influence of something. Those drugs

3

continue to cause an untold amount of heartache to members of the community. However, Jones did not simply put the community at risk with his drug trafficking. He has time and again demonstrated a willingness to drive while under the influence *and* ignore the orders of law enforcement – only heightening the risks to the community of his conduct.

Based upon a balance of the factors above, the Court finds that no reduction to Jones' sentence is warranted despite his eligibility and lower advisory guideline range. Accordingly, the motion to reduce sentence is DENIED.

IT IS SO ORDERED.

 July 8, 2025  /s/*John R. Adams*
Date JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE