UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.    5:20CR171 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| ELMER CURTIS JONES, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court are Defendant Elmer Jones' motions to amend his presentence report ("PSR") and for this Court to reconsider the denial of his motion to reduce his sentence under Amendment 821.   Docs. 194, 196.   Upon review, the motions are DENIED.

Initially, the Court notes that Jones seeks to amend his PSR to reflect changes that occurred well after he was sentenced.   Specifically, Jones contends that he subsequently had a prior conviction expunged and had separate pending charges sealed and dismissed. However, Jones has offered no authority for this Court to amend his PSR.   Jones concedes that the PSR contained accurate information at the time it was created and relied upon by the Court.   This Court has found no authority to retroactively alter the PSR to reflect events that had not occurred at the time of sentencing.   Accordingly, the motion to amend (Doc. 194) is DENIED.

Jones also asks this Court to reconsider the denial of his motion to reduce his sentence. Jones first contends that the Court relied upon two erroneous facts in its resolution.   Jones asserts that during his sentencing the Court noted he was found with an apparent fraudulent Ohio driver's license.   At the same time, the PSR reflected that Jones was found with a fraudulent *Nevada* driver's license.   Jones contends that this discrepancy somehow requires the Court to revisit its

decision. It does not. The fact that Jones possessed a fraudulent form of identification was the relevant fact under consideration by the Court. The state that was represented on the identification played no role in the Court's decision.

Similarly, Jones contends that it was error to rely on charges he had pending at the time of his sentencing. However, Jones did in fact have charges pending against him at the time of his sentencing. While Jones later had those charges dismissed, the underlying conduct that led to those charges was detailed in the PSR and properly relied upon by the Court. As such, that fact also provides no basis for the Court to reconsider its denial.

Finally, Jones appears to claim that the Court erred when it denied his motion without conducting an evidentiary hearing and failed to fully consider all of his arguments. With respect to considering his arguments, Jones is incorrect. The Court considered all of the evidence submitted by Jones in support of his motion, including the letters of support and his efforts while incarcerated. Those arguments were insufficient to overcome the facts of Jones' conviction and his past history and characteristics. With respect to a hearing, Jones is similarly incorrect. He is not entitled to an evidentiary hearing on his motion to reduce his sentence. The Court was fully informed of his arguments. Moreover, having presided over the entirety of Jones' underlying proceedings, the Court was also fully informed of the facts surrounding Jones' conviction and his background. Accordingly, there was no basis to conduct an evidentiary hearing.

Based upon the above, Jones' motions are DENIED.

IT IS SO ORDERED.

 August 18, 2025                     /s/John R. Adams
Date                                          JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE